## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JUSTIN KYLE FRANKS | § | |
| | § | |
| v. | § | 1-19-CV-0040-LY |
| | § | |
| CITY OF AUSTIN | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Motion for Judgment on the Pleadings (Dkt. No. 30), Plaintiff's Response (Dkt. No. 37) and Defendant's Reply (Dkt. No. 42). The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

### I.  GENERAL BACKGROUND

Plaintiff Justin Kyle Franks, who is proceeding pro se, brings this suit against his former employer, the City of Austin, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Genetic Information Nondiscrimination Act, 42 U.S.C. §§ 2000ff et seq. ("GINA").

Franks is an African-American male who was employed with the City of Austin's Developmental Services Department from July 2016 until October 19, 2018. On May 9, 2018, after receiving complaints about Franks' behavior, the City placed Franks on paid administrative leave and asked him to complete a fitness for duty examination to ensure that he was fit to continue in his employment. Franks completed the exam and informed the City through counsel that he was fit for duty, however, he refused to disclose to the City the exam report, which ultimately led to the City

terminating Franks for insubordination.  Franks filed the instant suit on January 16, 2019, alleging that the City discriminated against him based on his national origin and race in violation of Title VII, requested a fitness for duty examination in violation of GINA, and retaliated against Franks in violation of GINA when Franks failed to provide the City with the report from his fitness for duty exam.

On April 24, 2020, the City filed the instant Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), contending that Franks' allegations are insufficient to state a claim either under Title VII or GINA.

## II.  LEGAL STANDARD

The standard for a 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss.  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst.*, 278 F.3d 417, 420 (5th Cir. 2001).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

2

In deciding a motion to dismiss or judgment on the pleadings, the Court may consider documents that are essentially "part of the pleadings"—that is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting the motion into one for summary judgment. *See United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

### III. DISCUSSION

The Court considers first Franks' Title VII claims. Franks alleges the City discriminated against him on the basis of his national origin and race in violation of Title VII. To establish a prima facie claim of discrimination under Title VII, Franks must show that he was: "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005); *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

Franks asserts that he is a member of a protected class and that he was subjected to unlawful discrimination by the City. Dkt. No. 28 at ¶ 7. Nothing in Franks' Complaint, however, alleges that the City took actions against him *because of* his protected status as an African-American. Franks also pleads no facts indicating that similarly situated individuals outside of his protected class were treated differently. Franks has failed to plead at least two of the elements of a Title VII discrimination claim, and thus his Title VII claims fail under Rule 12. *See Raj v. La. State Univ.* 714 F.3d 322, 331 (5th Cir. 2013). To state a Title VII claim, Franks would need to allege facts that

plausibly suggest the City asked for a fitness for duty exam because Franks is African-American, and not because of his behavior at work. Such facts could include evidence that other non-Black employees who exhibited the same behavior as Franks were not asked to complete fitness exams. But without any such facts in his complaint, Franks fails to state a Title VII claim.

Franks' remaining claims are brought pursuant to GINA. Franks alleges that the City violated GINA by (1) requiring he submit to a fitness for duty examination and (2) retaliating against him in violation when he refused to disclose the results of the examination. Once again, the City argues Franks fails to plead enough facts to support either of his GINA claims.

GINA provides that an employer may not "discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a)(1). GINA defines "genetic information" as (1) an individual's genetic tests; (2) the genetic tests of the individual's family members; (3) the manifestation of a disease or disorder of the individual's family members; (4) an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or the individual's family member; and (5) the genetic information of a fetus. *See* 42 U.S.C. § 2000ff(4)(A); *see also* 29 C.F.R. § 1635.3(c).

In light of this definition of genetic information, the Court finds that Franks has not pleaded any facts indicating that the City requested or obtained his "genetic information" and discriminated against him on the basis of such "genetic information." As the City notes, Franks fails to allege that the complained of examination involved genetic information, as opposed to ordinary medical information, and GINA only applies to genetic information. Dkt. No. 30 at 11-12; *Fuentes v. City of San Antonio*, 240 F.Supp.3d 634, 644 (W.D. Tex. Mar. 6, 2017). Accordingly, Franks fails to

articulate a claim that would allow the Court to draw the reasonable inference that the City is liable on any claims arising under GINA. Franks' GINA retaliation claim necessarily fails for the same reason. Absent a plausible allegation that the examination involved genetic information, Franks' refusal to provide the City with the resulting report is not a protected activity and cannot give rise to a retaliation claim under GINA. *Green v. Whataburger Restaurants LLC*, 2018 WL 6252532, at *2 (W.D. Tex. Feb. 22, 2018).

When a complaint fails to state a claim, a court should generally give the plaintiff an opportunity to amend under Rule 15(a) before dismissing the action with prejudice. "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (citing *O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 675-76 (2d Cir. 1991)). The Court cannot state that amendment would be futile if Franks can plead, in good faith, a specific factual basis for his claims, as discussed above. Accordingly, the Court recommends that the District Court permit Franks an opportunity to replead before dismissing the claims under Rule 12(b)(6).

## IV. RECOMMENDATION

Based on the preceding discussion, the undersigned **RECOMMENDS** that the district judge **GRANT** Defendant's Motion for Judgment on the Pleadings (Dkt. No. 30), and **DISMISS WITHOUT PREJUDICE** all of Franks' claims, subject to being re-pled with sufficient particularity to state a claim. The Court **FURTHER RECOMMENDS** that the district judge set a deadline for the filing of any amended complaint, with a warning to Franks that if he fails to file an amended complaint by the deadline, the case will be dismissed with prejudice for failure to state a claim.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(c);  *Thomas v. Arn,* 474 U.S. 140 (1985);  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 24th day of June, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE